**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

PRADIPKUMAR KUMAR NAYI,

      Petitioner,

v.

WARDEN, Cibola County Correctional Center; MARY DE ANDA-YBARRA, Field Office Director of the El Paso Field Office of Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Acting Attorney General of the United States,

      Respondents.

Case No. 1:26-cv-01469-MIS-GJF

**<u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

THIS MATTER is before the Court on Petitioner Pradipkumar Kumar Nayi's <u>pro se</u> Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed May 7, 2026. The Federal Respondents[1] filed a Response on May 21, 2026 ("Response"). ECF No. 7. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition.

**I.　　Background**

Petitioner is a citizen of India who entered the United States near Champlain, New York on September 16, 2025. <u>See</u> Decl. of Pradipkumar Kumar Nayi ("Nayi Decl.") ¶ 2, ECF No. 1 at

---

[1]　　The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

10. He was detained shortly after his entry and has been detained ever since. Id. He has a wife and two children who still reside in India and who depend on Petitioner for emotional and financial support. Id. ¶ 4. He fled India fearing for his life because, since converting to Christianity, he has been targeted by members of the ruling political party in India, threatened multiple times, and physically attacked. Id. ¶¶ 6-7. He has filed an Application for Asylum, which is currently pending before the Immigration Court. Id. ¶ 10. He is currently detained at the Cibola County Correctional Center in Milan, New Mexico. Id. ¶ 1.

On April 10, 2026, an Immigration Judge denied Petitioner release on bond, finding that: (1) "[d]ue to his manner of entry, the court lacks jurisdiction to issue a bond in Respondent's case[,]" ECF No. 7-1 at 1; and (2) "[a]lternatively, if the court were found to have jurisdiction, the court would find that the Respondent is a flight risk. The assessment would be due to the Respondent's lack of US ties and his manner of entry[,]" id.

On May 7, 2026, Petitioner filed the instant Petition requesting a writ of habeas corpus. ECF No. 1. On May 8, 2026, the Court issued an Order to Show Cause instructing Respondents to answer the Petition and show cause why it should not be granted. ECF No. 5. On May 21, 2026, Respondents filed a Response. ECF No. 7.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-

88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

### III.    Discussion

Petitioner argues that his detention is governed by 8 U.S.C. § 1226(a), and his detention without an individualized custody determination violates the Immigration and Nationality Act ("INA"), and the Fifth Amendment's Due Process Clause. Pet. at 6-8. Petitioner acknowledges that on April 10, 2026, an Immigration Judge issued an Order finding that it lacked jurisdiction to grant bond and, in the alternative, that Petitioner failed to establish he is not a flight risk. Id. at 5. However, he argues that "[a] hearing where the decision-maker erroneously concludes he lacks jurisdiction to grant relief is not a constitutionally adequate hearing." Id. at 6.

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Resp. at 2. However, they "acknowledge that this Court recently reached the opposite conclusion in Duhan v. Noem, Case No. 2:26-cv-00019-MIS-JFR, 2026 U.S. Dist. LEXIS 20895 (D.N.M. Feb. 2, 2026) on facts substantially similar to those currently before the Court." Id. They further assert "that this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." Id. at 3.

After careful consideration, the Court is constrained to find that Petitioner's detention is lawful. Initially, the Court will assume arguendo that for the reasons explained in Lopez-Romero

v. Lyons, 2:25-cv-01113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026), Petitioner's detention is governed by 8 U.S.C. § 1226(a), which provides that the Attorney General may exercise his discretion to either detain or release a noncitizen on bond or conditional parole. 8 U.S.C. § 1226(a)(1)-(2); see also Mwangi v. Terry, 465 F. App'x 784, 786 (10th Cir. 2012).

Here, on April 10, 2026, an Immigration Judge held a bond hearing and denied Petitioner release on two alternative grounds: (1) "[d]ue to his manner of entry, the court lacks jurisdiction to issue a bond in Respondent's case[,]" and (2) "if the court were found to have jurisdiction, the court would find that the Respondent is a flight risk. The assessment would be due to the Respondent's lack of US ties and his manner of entry." ECF No. 7-1 at 1. The Due Process Clause is satisfied when a noncitizen detained under 8 U.S.C. § 1226(a) receives an adequate bond hearing. Jiminez Lopez v. Warden, Case No. 1:26-cv-01259-MIS-LF, 2026 WL 1215047, at *3 (D.N.M. May 4, 2026); Chacin Acurero v. Castro, Case No. 2:26-cv-00565-MIS-JFR, 2026 WL 1180219, at *3 (D.N.M. Apr. 30, 2026); Palacios Rodriguez v. Mullin, Case No. 2:26-cv-01179-MIS-KK, 2026 WL 1164820, at *2 (D.N.M. Apr. 29, 2026); see also Barry v. Lyons, Case No. 1:26-cv-00504-KWR-KRS, 2026 WL 926218, at *7 (D.N.M. Apr. 6, 2026) ("[T]he Court finds that a bond hearing pursuant to § 1226(a) provides Petitioner with the process he is due."); Montero Cordova v. Noem, Case No. 1:26-cv-00526-KWR-DLM, 2026 WL 867689, at *6 (D.N.M. Mar. 30, 2026) ("The Court finds that due process affords Petitioner a bond hearing under § 1226(a), and the hearing need not occur prior to his re-detention."). There is no evidence that Petitioner's bond hearing was inadequate.

To the extent that Petitioner argues that the April 10, 2026 bond hearing was inadequate because the Immigration Judge issued his flight risk ruling on an alternative basis, the Court is not

persuaded.  As another court has explained with regard to an Immigration Judge's alternative

finding that a noncitizen was a flight risk:

> There is no reason to discount the Immigration Judge's risk-of-flight holding because it was handed down on an in-the-alternative basis. In-the-alternative holdings are understood as providing, on their own, a sufficient foundation for a court's ruling.  See Phila. Marine Trade Ass'n-Int'l Longshoremen's Ass'n Pension Fund v. Comm'r, 523 F.3d 140, 147 n.5 (3d Cir. 2008) (quoting Woods v. Interstate Realty Co., 337 U.S. 535, 537 (1949)).[2]

> Therefore, the Immigration Judge's in-the-alternative holding, that the Petitioner is a risk of flight, supplies an adequate basis for the Immigration Judge's determination that the Petitioner should remain detained.[3]

Chiquito Barzola v. Warden, No. 2:25-cv-17326 (MEF), 2025 WL 3443487, at *2 (D.N.J. Dec. 1,

2025) (footnotes in original); see also Chait v. Blanche, Case No. CIV-26-311-D, 2026 WL

915596, at *8 (W.D. Okla. Apr. 3, 2026), report and recommendation adopted, 2026 WL 1010480

(W.D. Okla. Apr. 14, 2026); Kumar v. De Anda-Ybarra, Case No. CIV-26-164-R, 2026 WL

753944, at *2 (W.D. Okla. Mar. 17, 2026).

The Court discerns no other basis to find that the April 10, 2026 bond hearing was

inadequate.  Petitioner does not argue, for example, that he was deprived of the opportunity to

present evidence that he is not a flight risk.  Kumar, 2026 WL 753944, at *2 (finding that the

petitioner's argument regarding the adequacy of the bond hearing was "too underdeveloped to

---

[2]    This is why, for example, an in-the-alternative holding can have a preclusive effect. See, e.g., Anderson v. Comm'r, 698 F.3d 160, 165 (3d Cir. 2012) ("all 'independently sufficient alternative findings should be given preclusive effect' "); 18 Wright & Miller's Federal Practice & Procedure § 4421 & n.27 (3d ed. 2025) (noting that extending issue preclusive effect to each "independently sufficient finding[ ]" is the "view with substantial support in federal decisions").

[3]    That sufficient basis is also a lawful basis, because, as noted, the laws of the United States permit detention following a finding of a flight risk. See, e.g., Skinner, 2014 WL 70066, at *5.

warrant habeas relief" because, for example, the petitioner "does not indicate that he was denied the opportunity to present evidence at the bond hearing").

Because Petitioner received an adequate bond hearing, the Court finds that Petitioner's detention does not violate his rights under the INA or Due Process Clause.

## IV.    Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.    Petitioner Pradipkumar Kumar Nayi's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED**;

2.    All pending motions are **DENIED AS MOOT**; and

3.    This case is now **CLOSED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE