**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

PRADIPKUMAR KUMAR NAYI,

     Petitioner,

v.

                                   Case No. 1:26-cv-01469-MIS-GJF

WARDEN, Cibola County Correctional
Center; MARY DE ANDA-YBARRA, Field
Office Director of the El Paso Field Office of
Enforcement and Removal Operations, U.S.
Immigration and Customs Enforcement;
TODD M. LYONS, Acting Director,
Immigration and Customs Enforcement, U.S.
Department of Homeland Security;
MARKWAYNE MULLIN, Secretary, U.S.
Department of Homeland Security; and
TODD BLANCHE, Acting Attorney General
of the United States,

     Respondents.

**ORDER CONSTRUING SECOND PETITION FOR WRIT OF HABEAS CORPUS AS A
MOTION FOR RECONSIDERATION, DENYING THE MOTION FOR
RECONSIDERATION, AND DENYING WITHOUT PREJUDICE EX PARTE
APPLICATION FOR TEMPORARY RESTRAINING ORDER**

THIS MATTER is before the Court on Petitioner Pradipkumar Kumar Nayi's pro se

Petition for Writ of Habeas Corpus ("Second Petition"), ECF No. 10, filed May 28, 2026. He also

filed an Ex Parte Application for a Temporary Restraining Order. ECF No. 11.

This is the second habeas petition Petitioner has filed in this case. On May 7, 2026,

Petitioner filed his original Petition for Writ of Habeas Corpus arguing that his detention is

governed by 8 U.S.C. § 1226(a), and his detention without an individualized custody determination

violates the Immigration and Nationality Act ("INA"), and the Fifth Amendment's Due Process

Clause. ECF No. 1 at 6-8 ("First Petition").

On May 21, 2026, the Court issued an Order denying the First Petition.  ECF No. 8. Initially, the Court assumed arguendo that Petitioner's detention was governed by 8 U.S.C. § 1226(a), id. at 2-3, but found that Petitioner's due process rights were not violated because he received an adequate bond hearing before an Immigration Judge, id. at 3 (citations omitted).  At the bond hearing, the Immigration Judge denied Petitioner release on two alternative grounds: (1) "[d]ue to his manner of entry, the court lacks jurisdiction to issue a bond in Respondent's case[,]" and (2) "if the court were found to have jurisdiction, the court would find that the Respondent is a flight risk.  The assessment would be due to the Respondent's lack of US ties and his manner of entry."  ECF No. 7-1 at 1.  The Court rejected any implicit argument that the bond hearing was inadequate because the flight risk determination was made on an alternative basis.  ECF No. 8 at 4 (citations omitted).  Following entry of the Court's Order denying the original Petition, the Court entered Final Judgment and closed the case.  ECF No. 9.

On May 28, 2026, Petitioner filed the Second Petition for Writ of Habeas Corpus.  ECF No. 10.  Therein, he states that "[t]his new petition is not filed to conceal or relitigate the prior case.  Rather, Petitioner challenges his continuing and increasingly prolonged detention, and specifically alleges that the April 10, 2026 bond hearing was not constitutionally adequate because the Immigration Judge's alternative flight-risk statement was conclusory and did not provide a meaningful individualized analysis."  Id. at 1.

The Court construes the Second Petition as a motion for reconsideration of the Court's Order denying his First Petition.  Because the Second Petition was filed within twenty-eight days of the Court's Order denying his First Petition, it is governed by Rule 59(e).  See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously

unavailable, and (3) the need to correct clear error or prevent manifest injustice." Id. "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Id. "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Id.

To the extent that Petitioner challenges the constitutionality of the bond hearing, the Court denies reconsideration because the Court has already addressed that issue, and a motion for reconsideration "is not appropriate to revisit issues already addressed[.]" Id. If Petitioner believes the Court erred, he may appeal to the Tenth Circuit Court of Appeals.

To the extent that Petitioner raises a new basis for habeas relief, the Court denies reconsideration because a motion for reconsideration "is not appropriate to . . . advance arguments that could have been raised in prior briefing." Servants of Paraclete, 204 F.3d at 1012. Petitioner may file a new petition for writ of habeas corpus limited to the new issue in a separate filing that shall be assigned a new case number.

Therefore, it is **HEREBY ORDERED** that:

1.    Petitioner's Second Petition for Writ of Habeas Corpus, ECF No. 10, properly construed as a Motion for Reconsideration of the Court's Order Denying his First Petition for Writ of Habeas Corpus, ECF No. 8, is **DENIED**;

2.    Petitioner may assert his new grounds for habeas relief, based on his prolonged detention, in a new petition for writ of habeas corpus in a separate case; and

3.      Petitioner's Ex Parte Application for Temporary Restraining Order, ECF No. 11, is

**DENIED without prejudice** and may be refiled alongside any new habeas petition.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE